# EXHIBIT A

ELECTRONICALLY FILED - 2021 May 04 3:24 PM - LANCASTER - COMMON PLEAS - CASE#2021CP2900573

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF LANCASTER | ) | SIXTH JUDICIAL CIRCUIT |
| | ) | |
| Judy Jenkins and Kevin Jenkins, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **SUMMONS** |
| | ) | **(JURY TRIAL DEMANDED)** |
| Autobell Car Wash, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said complaint upon the subscriber, at their office at 137 Professional Ln., Suite B, Pawleys Island, South Carolina 29585, within thirty (30) days after the service thereof, exclusive of the day of such service, and if you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

MCGOWAN, HOOD & FELDER, LLC

 s/Anna S. Magann
Anna S. Magann (SC Bar No. 74837)
McGowan, Hood & Felder, LLC
137 Professional Ln., Suite B
Pawleys Island, SC 29585
(843) 833-8082
(843) 833-8092 Facsimile
amagann@mcgowanhood.com

Kambrell Garvin (SC Bar No. 104437)
McGowan, Hood & Felder, LLC
1517 Hampton St.
Columbia, South Carolina 29201
(803) 779-0100
kgarvin@mcgowanhood.com

Pawleys Island, South Carolina

May 4, 2021

ELECTRONICALLY FILED - 2021 May 04 3:24 PM - LANCASTER - COMMON PLEAS - CASE#2021CP2900573

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF LANCASTER | ) | SIXTH JUDICIAL CIRCUIT |
| | ) | |
| Judy Jenkins and Kevin Jenkins, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | **(JURY TRIAL DEMANDED)** |
| Autobell Car Wash, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiffs Judy Jenkins and Kevin Jenkins, by and through undersigned counsel, for a Complaint against the Defendant, allege as follows:

## PARTIES

**Plaintiff**

1.    Plaintiff Judy Jenkins (Mrs. Jenkins) is a citizen and resident of Lancaster County, SC.

2.    Plaintiff Kevin Jenkins (Mr. Jenkins) is a citizen and resident of Lancaster County, SC.

**Defendants**

3.    Defendant Autobell Car Wash, Inc. ("Autobell") is a South Carolina corporation with a place of business in Lancaster County, South Carolina.

4.    Defendant Autobell, at all times relevant to this Complaint, was the entity employing employees or agents acting within the scope of their employment with Defendant Autobell.  Defendant Autobell is legally responsible for the actions of the employee or it's agent in this case under the doctrine of actual or apparent agency.

5.      Upon information and belief, Defendant Autobell, at all times relevant hereto, was the lessee and/or rentee of a parking lot located at 8723 Charlotte Hwy. Indian Land, SC.

6.

## JURISDICTION AND VENUE

7.      This Court has personal jurisdiction over Defendants pursuant to S.C. Code § 36-2-802 because Defendants resides in or have enduring relationships with the State of South Carolina.

8.      Venue is appropriate pursuant to S.C. Code § 15-7-30 because most substantial parts of the acts and omissions giving rise to these claims occurred in Lancaster County, South Carolina.

## FACTUAL ALLEGATIONS

9.      On or around September 22, 2020, Plaintiff Kevin Jenkins and Judy Jenkins were travelling in Indian Land, South Carolina when they noticed a rattle in the car.

10.     They pulled into the Autobell Car Wash in Indian Land, South Carolina to investigate the rattle.

11.     Upon information and belief, Autobell's parking lot was opened to the public.  Ms. Jenkins was a lawful invitee, or alternatively, a licensee on the property.

12.     Mrs. Jenkins exited the car.

13.     Upon exiting, Mrs. Jenkins slipped on the asphalt, which was slick from cleaning products and Armor All used by the carwash.

14.     As a result of the fall, Mrs. Jenkins sustained a severe break of her right femur.

ELECTRONICALLY FILED - 2021 May 04 3:24 PM - LANCASTER - COMMON PLEAS - CASE#2021CP2900673

15.    She presented to MUSC – Lancaster, where she was initially treated, but was then transferred to MUSC – Charleston for surgery and specialized care.

16.    She is still under the care and treatment of her orthopedist in Charleston.

17.    There were no signs or warnings of the defective condition of the pavement and parking lot.

18.    The defective condition was created by Autobell and the cleaning products used on the cars at the carwash.

19.    Upon information and belief, the parking lot was under the ownership or management of Autobell.

20.    Defendant Autobell failed to correct the hazardous condition.

21.    Upon information and belief, Defendant Autobell had notice and knowledge that the hazardous condition existed.

22.    Defendant Autobell failed to warn of the concealed dangerous condition.

23.    Defendant violated its duty to use reasonable care and to reasonably inspect the premises.

24.    As a direct and proximate result of Defendant's breach of duties to Plaintiff, Plaintiff has suffered serious injuries and incurred medical and other expenses.

## FIRST CAUSE OF ACTION
(Negligence)

25.    Plaintiff re-alleges and incorporates by reference the allegations set forth above.

26.    Plaintiff was lawful invitee, or alternatively, a licensee, on the premises of Autobell.

27.    Defendant Autobell operates its Lancaster store as a profit seeking venture in which members of the public are invited into the store as guests of the store.

ELECTRONICALLY FILED - 2021 May 04 3:24 PM - LANCASTER - COMMON PLEAS - CASE#2021CP290673

28.    Defendant Autobell, as the carwash's owner and operator, owed Plaintiff a duty to warn of latent dangers on its premises and to keep the property in a safe and hazard free condition.

29.    Defendant owed a duty to inspect the premises for hazardous conditions that could cause injury.

30.    Defendant owed a duty to warn of latent, hidden dangers posed on the property.

31.    Defendant owed Plaintiff a duty to exercise reasonable care in providing for Plaintiff's safety while on Autobell's premises.

32.    Defendant, directly and through its employees, agents, and servants, breached its duties to Plaintiff in the following ways:

    a.  Creating a condition on its premise that was dangerous to business invitees or licensees;
    b.  Failing to warn Plaintiff of the hazard posed by the slick pavement;
    c.  Failing to clean the pavement and remove the hazardous condition;
    d.  Failing to inspect the premises;
    e.  Failing to timely remedy the defective condition;
    f.  Failing to supervise employees/agents in the performance of maintenance tasks;
    g.  Failing to have policies regarding warnings for correcting hazards;
    h.  Failing to have policies regarding inspection of premises and remedying hazardous conditions; and
    i.  Failing to make the premises reasonably safe for business invitees and licensees.

33.    As a direct and proximate result of the negligent, grossly negligent, careless, or reckless acts and omissions of Defendant, Mrs. Jenkins fell and suffered severe personal injury.

34.    As a direct and proximate result of Defendant's negligent and careless acts, Mrs. Jenkins has suffered permanent injuries which will continue to cause her pain, suffering, and discomfort, and may require future medical treatment.

35.    As a direct and proximate result of Defendant's negligent and careless acts, Mrs. Jenkins has incurred numerous doctor bills and bills for other medical attention and treatment. She may also become obligated for payments for future medical attention and treatment.

ELECTRONICALLY FILED - 2021 May 04 3:24 PM - LANCASTER - COMMON PLEAS - CASE#2021CP2900573

36.    Mrs. Jenkins's injuries and damages have caused her to suffer great physical pain and mental suffering and loss of enjoyment of life.

**SECOND CAUSE OF ACTION**
(Loss of Consortium)

37.    Plaintiffs re-allege and incorporate by reference the allegations set forth above.

38.    Defendant is liable for Plaintiff Judy Jenkins' injuries.

39.    At all times relevant to this Complaint, Plaintiffs have been and continue to be married.

40.    As a further direct and proximate result of Defendant's negligence, Mr. Jenkins has been deprived of a full marital relationship with his wife, consisting of marital services, society, affection, companionship, and sexual relations.  Mr. Jenkins suffered emotional distress as well as economic damages and may continue to suffer the same in the future as a result of one or both Defendants' negligence.  All of Mr. Jenkins's damages should be determined by a jury.

Wherefore, the Plaintiffs respectfully pray for judgment against the Defendant for actual damages, special damages, consequential damages, and punitive damages in an amount to be determined by the jury at the trial of this actions, for the costs and disbursements of this action and for such other and further relief as this court deems just and proper.  Plaintiffs specifically avers that the damages at issue in this case are more than $100,000, such averment made to allow all manner of discovery under South Carolina Law.

ELECTRONICALLY FILED - 2021 May 04 3:24 PM - LANCASTER - COMMON PLEAS - CASE#2021CP2900673

ELECTRONICALLY FILED - 2021 May 04 3:24 PM - LANCASTER - COMMON PLEAS - CASE#2021CP2900573

MCGOWAN, HOOD & FELDER, LLC

 s/Anna S. Magann
Anna S. Magann (SC Bar No. 74837)
McGowan, Hood & Felder, LLC
137 Professional Ln., Suite B
Pawleys Island, SC 29585
(843) 833-8082
(843) 833-8092 Facsimile
amagann@mcgowanhood.com

Kambrell Garvin (SC Bar No. 104437)
McGowan, Hood & Felder, LLC
1517 Hampton St.
Columbia, South Carolina 29201
(803) 779-0100
kgarvin@mcgowanhood.com

Pawleys Island, South Carolina

May 4, 2021

ELECTRONICALLY FILED - 2021 May 17 3:55 PM - LANCASTER - COMMON PLEAS - CASE#2021CP2900573

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF LANCASTER | ) | THE SIXTH JUDICIAL CIRCUIT |
| | | |
| Judy Jenkins and Kevin Jenkins, | ) | Civil Action No. 2021CP2900573 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ANSWER TO COMPLAINT** |
| | ) | |
| Autobell Car Wash, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

**COMES NOW,** the Defendant, Autobell Car Wash, Inc., by and through its undersigned attorneys, answering the Complaint of the Plaintiffs, would allege and show unto this honorable Court:

## <u>FOR A FIRST DEFENSE</u>

1.    Each and every allegation of the Plaintiffs' Complaint not specifically admitted herein is denied.

2.    Defendant lacks sufficient knowledge and information to form a belief as to the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16; and thereby denies the same.

3.    Defendant lacks sufficient knowledge and information to form a belief as to the allegations of paragraphs 17, 18, 19; and thereby denies the same.

4.    Defendant denies the allegations of paragraphs 20, and 21; and demands strict proof thereof.

5.    Defendant lacks sufficient knowledge and information to form a belief as to the allegations of paragraph 22; and thereby denies the same.

ELECTRONICALLY FILED - 2021 May 17 3:55 PM - LANCASTER - COMMON PLEAS - CASE#2021CP2900573

6.      Defendant denies the allegations of paragraphs 23, and 24; and demands strict proof thereof.

7      Defendant sufficient knowledge and information to form a belief as to the allegations of paragraphs 25, 26, and 27; and thereby denies the same.

8.      Defendant would show that it is duties are prescribed by and in accordance with South Carolina law, to the extent the allegations of paragraph 28 are inconsistent therewith, Defendant hereby denies the same.

9.      Defendant would show that it is duties are prescribed by and in accordance with South Carolina law, to the extent the allegations of paragraph 29 are inconsistent therewith, Defendant hereby denies the same.

10.      Defendant would show that it is duties are prescribed by and in accordance with South Carolina law, to the extent the allegations of paragraph 30 are inconsistent therewith, Defendant hereby denies the same.

11.      Defendant would show that it is duties are prescribed by and in accordance with South Carolina law, to the extent the allegations of paragraph 31 are inconsistent therewith, Defendant hereby denies the same.

12.      Defendant denies the allegations of paragraphs 32, including its subparts, 33, 34, 35, 36, 37, 38, 39, and 40; and demands strict proof thereof.

## FOR A SECOND DEFENSE
### (Failure to State Claim)

13.      The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

14.    The Defendant would show that the Plaintiffs' Complaint fails to state a claim upon which relief can be granted, and, therefore should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

**FOR A THIRD DEFENSE**
**(Comparative Negligence)**

15.    The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

16.    The Defendant would show that such injuries or losses that Plaintiffs sustained, if any, were due to and caused by the sole negligence, gross negligence, willfulness, wantonness, carelessness and recklessness of the Plaintiffs, combining, concurring and contributing with the negligence, if any, on the part of the Defendant, to such a degree that Plaintiffs' recovery is barred by the doctrine of comparative negligence in South Carolina.

**FOR A FOURTH DEFENSE**
**(Assumption of the Risk)**

17.    The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

18.    The Defendant would show that the Plaintiffs knew of the probable risk of injury or harm resulting from Plaintiffs' actions, and therefore, the Defendant would plead the doctrine of assumption of the risk as a complete bar to this action.

**FOR A FIFTH DEFENSE**
**(Unavoidable Accident)**

19.    The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

20.    The Defendant would show that such injuries or losses that the Plaintiffs sustained, if any, as alleged in Plaintiffs' Complaint, were not due to or caused by the negligence

ELECTRONICALLY FILED - 2021 May 17 3:55 PM - LANCASTER - COMMON PLEAS - CASE#2021CP2900673

ELECTRONICALLY FILED - 2021 May 17 3:55 PM - LANCASTER - COMMON PLEAS - CASE#2021CP2900573

on the part of the Defendant, but was rather due to and caused by an unavoidable accident, thereby barring any claim whatsoever.

## FOR A SIXTH DEFENSE
### (Intervening or Superseding Negligence)

21.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

22.     The Defendant would show that such injuries or losses that Plaintiffs sustained, if any, as alleged in Plaintiffs' Complaint, were not due to or caused by any negligence on the part of the Defendant, but were rather due to and caused by the contributing, concurring, intervening or superseding fault, breach of warranty or act or omission of a third party, over which these Defendant had no control.

## FOR A SEVENTH DEFENSE
### (Waiver and Estoppel)

23.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

24.     The Defendant would show that Plaintiffs' Complaint is barred by the doctrine of waiver and estoppel.

## FOR AN EIGHTH DEFENSE
### (Punitive Damages)

25.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

26.     The Defendant alleges that the Plaintiffs' claim for punitive damages violates both the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the jury's unfettered power to award punitive damages in any

ELECTRONICALLY FILED - 2021 May 17 3:55 PM - LANCASTER - COMMON PLEAS - CASE#2021CP2900673

amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

27.    The Defendant alleges that the Plaintiffs' claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the South Carolina Constitution because, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

28.    The Defendant alleges that the Plaintiffs' claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the Defendant.

29.    The Defendant alleges that the Plaintiffs' claim of punitive damages violates the doctrine of separation of powers and Article I, Section 3 of the South Carolina Constitution because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

30.    Defendant would show, upon information and belief, that the Plaintiffs' claim for punitive Damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Defendant could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Defendant can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiffs' claim for punitive damages violates Defendant's right to access the courts as

ELECTRONICALLY FILED - 2021 May 17 3:55 PM - LANCASTER - COMMON PLEAS - CASE#2021CP2900573

guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills these Defendant's exercise of that right; the Plaintiffs' claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed; the Plaintiffs' claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiffs' claim for punitive damages should be dismissed.

31.    Defendant pleads all applicable statutory caps on punitive damages, including but not limited to the caps described in S.C. Code Ann. § 15-32-530, *et seq*., as amended.

**FOR A NINTH DEFENSE**
**(Improper Venue)**

32.    The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

33.    Defendant pleads the defense of improper venue in the County of Lancaster, State of South Carolina.

**WHEREFORE**, having fully answered, the Defendant prays that the Plaintiffs' Complaint be dismissed with costs, for attorney's fees and such other and further relief this Court deems just and proper.

The Defendant demands a jury trial.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/ Mark S. Barrow
Mark S. Barrow, SC Bar No. 7821
Aaron J. Hayes, SC Bar No. 100114
1515 Lady Street
Post Office Box 12129

Columbia, South Carolina 29211
(803) 256-2233

**ATTORNEYS FOR DEFENDANT
AUTOBELL CAR WASH, INC.**

Columbia, South Carolina

May 17, 2021

ELECTRONICALLY FILED - 2021 May 17 3:55 PM - LANCASTER - COMMON PLEAS - CASE#2021CP2900573

ELECTRONICALLY FILED - 2021 May 25 11:01 AM - LANCASTER - COMMON PLEAS - CASE#2021CP2900573

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
  )
COUNTY OF LANCASTER ) SIXTH JUDICIAL CIRCUIT
  )
Judy Jenkins and Kevin Jenkins, )
  )
Plaintiffs, )
  )
vs. )  **AFFIDAVIT OF SERVICE**
  )
Autobell Car Wash, Inc., )
  )
Defendants. )
_____ )

I, Cathy Jones, hereby affirm that on May 10, 2020, the Summons and Complaint as Counsel in the above-captioned action was served on Autobell Car Wash, Inc., Registered Agent, by mailing copies of the same to her/he via certified mail, return receipt, restricted delivery, at the below address. Service was accepted as evidenced by the attached return receipt.

**Autobell Car Wash, Inc**
**Attn: CT Corporation System, Registered Agent**
**2 Office Park Court, Suite 103**
**Columbia, South Carolina, 29223**

_____
Cathy Jones

May 25, 2021

Pawleys Island, South Carolina

ELECTRONICALLY FILED - 2021 May 25 11:01 AM - LANCASTER - COMMON PLEAS - CASE#2021CP2900573



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Columbia, SC 29223

Certified Mail Fee  $3.60

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ $0.00
☐ Return Receipt (electronic)      $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required          $ $0.00
☐ Adult Signature Restricted Delivery $ $0.00

Postage  $0.75

Total P...

Sent To
Autobell Car Wash Inc.
Attn: C T Corporation System,
Registered Agent
2 Office Park Court Suite 103
Columbia, South Carolina   29223

PS F...

$2.85
0585
8
MAY 0 5 2021  Postmark Here
05/05/2021
29585-9998



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Autobell Car Wash Inc.
Attn: C T Corporation System,
Registered Agent
2 Office Park Court Suite 103
Columbia, South Carolina   29223

9590 9402 6013 0069 0659 52

2. Article Number (Transfer from service label)
7020 0090 0000 2109 7856

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  _____    ☐ Agent
                       ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                  5-10-21

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature                ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery  ☐ Registered Mail™
☐ Certified Mail®                ☒ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery  ☐ Return Receipt for Merchandise
☐ Collect on Delivery            ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery  ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ ...Mail Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

ELECTRONICALLY FILED - 2021 May 25 11:01 AM - LANCASTER - COMMON PLEAS - CASE#2021CP2900573

# USPS Tracking®

FAQs ›

## Track Another Package +

**Tracking Number:** 70200090000021097856

Remove ✕

Your item has been delivered to an agent for final delivery in COLUMBIA, SC 29223 on May 10, 2021 at 11:55 am.

## ⊘ Delivered to Agent for Final Delivery

May 10, 2021 at 11:55 am
COLUMBIA, SC 29223

**Get Updates** ⌄

Feedback

**Text & Email Updates** ⌄

**Tracking History** ⌃

**May 10, 2021, 11:55 am**
Delivered to Agent for Final Delivery
COLUMBIA, SC 29223
Your item has been delivered to an agent for final delivery in COLUMBIA, SC 29223 on May 10, 2021 at 11:55 am.

**May 8, 2021, 11:13 am**
Delivery Attempted - No Access to Delivery Location
COLUMBIA, SC 29223

ELECTRONICALLY FILED - 2021 May 25 11:01 AM - LANCASTER - COMMON PLEAS - CASE#2021CP2900573

**May 7, 2021, 1:13 am**
Departed USPS Regional Facility
COLUMBIA SC PROCESSING CENTER

**May 6, 2021**
In Transit to Next Facility

**May 5, 2021, 8:43 pm**
Arrived at USPS Regional Facility
COLUMBIA SC PROCESSING CENTER

**May 5, 2021, 2:12 pm**
Departed Post Office
PAWLEYS ISLAND, SC 29585

**May 5, 2021, 1:30 pm**
USPS in possession of item
PAWLEYS ISLAND, SC 29585

Feedback

**Product Information**  ⌄

**See Less** ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**